UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARMANE SMITH, | CASE NO. C18-1607-JCC |
| Plaintiff, | ORDER |
| v. | |
| AMAZON, | |
| Defendant. | |

This matter comes before the Court on its pre-service review of Plaintiff Charmane Smith's complaint (Dkt. No. 5) pursuant to 28 U.S.C. section 1915(e)(2). On November 8, 2018, United States Magistrate Judge Hon. Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis*. Plaintiff filled out her complaint using a pre-formatted template and names Amazon as Defendant. (*See generally* Dkt. No. 5.)

Under the heading "Federal Question Jurisdiction," Plaintiff states that the following statutes are at issue in her case: "Consumer Protection Act (Product Liability Tort-Negligence) & Title 18 U.S.C. § 2520 – Wire, Oral, and Electronic Interception." (*Id*. at 3.) Under the heading "Amount in Controversy," Plaintiff lists: "Damaged computers and other appliances/devices, lost/income, lost potential income, lost potential business income, invasion of privacy, negligent endangerment." (*Id*. at 5.) Under the heading "Statement of Claim," Plaintiff writes: "My

Amazon Fire tablet has been damaged by third party vendors and applications (also other computers, devices, appliances, etc.) that were installed on and distributed through the Silk Browser and Tablet, design defect, secondary, indirect, enterprise, and strict liabilities." (*Id.*) Under the heading "Relief," Plaintiff writes: "Monetary award in the amount of $10,000,000.00 for economic, consequential, lost potential income, lost expected benefit, and actual damages." (*Id.*)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Having screened Plaintiff's complaint, the Court has identified the following deficiencies:

Plaintiff fails to allege sufficient facts to demonstrate that Defendant is liable for the misconduct alleged. Plaintiff alleges that Defendant is liable under the "Consumer Protection Act" and Federal Wiretap Act, 18 U.S.C. section 2520, but does not provide any facts that explain how Defendant violated those statutes. As an initial matter, the complaint does not specify which "Consumer Protection Act" Defendant allegedly violated. (*See* Dkt. No. 5 at 2.) Without such specificity, the Court cannot determine whether the complaint alleges sufficient facts to support that claim. As for the Federal Wiretap Act claim, Plaintiff has not alleged facts that show Defendant intentionally disclosed, intercepted, or used her wire, oral, or electronic communications in violation of the statute. *See* 18 U.S.C. § 2511. While the Court can liberally construe Plaintiff's complaint, it cannot supply an essential element that she failed to plead. *See Ivey v. Board of Regents of the Univ. of Alk.*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that district courts must construe *pro se* pleadings liberally but may not "supply essential elements of claims that were not initially pled.").

Further, while Plaintiff describes the harm she experienced—for example, "damaged computers and other appliances/devices"—the complaint does not explain how Amazon caused that harm. Indeed, Plaintiff states that her Amazon Fire tablet was damaged by a third party vendor, not by Amazon. (*Id.*) Nor does the complaint contain any allegations that would put Defendant on notice of when or how the alleged harm occurred.

Based on the forgoing, the Court DECLINES to serve Plaintiff's complaint, but GRANTS her leave to file an amended complaint curing the above-noted deficiencies within 21 days after the date this order is signed. If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any

amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

    The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate forms so that she may file an amended complaint.

    DATED this 26th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1607-JCC
PAGE - 4