UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARMANE SMITH, | CASE NO. C18-1607-JCC |
| Plaintiff, | ORDER |
| v. | |
| AMAZON, | |
| Defendant. | |

This matter comes before the Court on its pre-service review of Plaintiff Charmane Smith's amended complaint (Dkt. No. 8) pursuant to 28 U.S.C. section 1915(e)(2)(b). On November 8, 2018, United States Magistrate Judge Hon. Mary Alice Theiler granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) In her order, Judge Theiler recommended that the Court review Plaintiff's complaint pursuant to 28 U.S.C. section 1915(e)(2)(b). (*Id*.) The Court reviewed Plaintiff's complaint and determined that it failed to state a claim upon which relief could be granted. (*See* Dkt. No. 7.) The Court directed Plaintiff to file an amended complaint to correct the deficiencies identified in its order. (*Id*.)

ORDER
C18-1607-JCC
PAGE - 1

On December 10, 2018, Plaintiff timely filed an amended complaint.[1] (Dkt. No. 8.) Like before, the Court finds that the amended complaint fails to state a claim upon which relief can be granted. For the following reasons, the Court DISMISSES Plaintiff's amended complaint without leave to amend.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The amended complaint was initially filed under a separate cause number. *See Smith v. Amazon*, Case No. C18-1780-JCC, Dkt. No. 1 (W.D. Wash. Dec. 10, 2018).

ORDER
C18-1607-JCC
PAGE - 2

In its prior order, the Court stated that Plaintiff failed "to allege sufficient facts to demonstrate that Defendant is liable for the misconduct alleged." (Dkt. No. 7 at 3.) The original complaint asserted that Plaintiff was entitled to relief under the "Consumer Protection Act (Product Liability Tort-Negligence) & Title 18 U.S.C. § 2520 – Wire, Oral, and Electronic Interception." (Dkt. No. 5 at 3.) In its order, the Court noted that the complaint did not sufficiently allege what law or cause of action entitled Plaintiff to the relief she sought. (Dkt. No. 7 at 3.) Similarly, while the amended complaint makes reference to "design defect" and "strict liabilities," it does not cite a specific statute or allege a cause of action that would plausibly entitle Plaintiff to relief. (Dkt. No. 8 at 3.)

Even if the Court liberally construes the amended complaint as asserting a claim under Washington's Product Liability Statute ("PLA"), Revised Code of Washington section 7.72, Plaintiff has failed to provide sufficient facts to support such a claim. The PLA provides the exclusive remedy for product liability claims in Washington. *Washington Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199, 1207 (Wash. 1989). A manufacturer can be liable under the PLA if its product is not reasonably safe as designed (design defect claim) or because it failed to provide adequate warnings or instructions (failure to warn claim). Wash. Rev. Code § 7.72.030(1). A manufacturer can also be held strictly liable "if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." Wash. Rev. Code § 7.72.030(2).

The amended complaint, in its entirety, contains the following allegations against Defendant: "My Amazon Fire Tablet has been damaged by its faulty processing of applications installed and/or distributed through the Silk browser. Inability to use the tablet obstructed business plan/ventures estimated to be in excess of $10 million. Design defect, secondary, indirect, enterprise, & strict liabilities." (Dkt. No. 8 at 5.) These allegations are almost a mirror image of the original complaint. (*Compare* Dkt. No. 5, *with* Dkt. No. 8.)

Plaintiff does not plausibly allege that Defendant is liable under the PLA or any other theory of liability. The amended complaint does not allege how Defendant's product was defectively designed, or that Defendant failed to warn Plaintiff of such a defect. Nor does Plaintiff allege that Defendant's product was not reasonably safe in construction or that it failed to conform to any warranties. Further, the amended complaint does not specify which of Defendant's products—the Fire Tablet or Silk Web Browser—was defective, or how it was defective. As the Court noted in its prior order, "while Plaintiff describes the harm she experienced—for example, 'damaged computers and other appliances/devices'—the complaint does not explain how Amazon caused that harm." (Dkt. No. 7 at 3.) The amended complaint is similarly bereft of facts making Plaintiff's claims plausible, and instead amount to "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must liberally construe Plaintiff's complaint, it cannot supply an essential element that she failed to plead. *See Ivey v. Board of Regents of the Univ. of Alk.*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that district courts must construe *pro se* pleadings liberally but may not "supply essential elements of claims that were not initially pled"). For these reasons, the Court concludes that Plaintiff's amended complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(b)(ii). In its prior order, the Court stated that "if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted." (Dkt. No. 7 at 4.) Plaintiff has failed to correct the pleading deficiencies identified in the Court's previous order. Indeed, the amended complaint is almost identical to the original complaint. Therefore, the Court DISMISSES Plaintiff's complaint without leave to amend. Plaintiff's motion to appoint counsel (Dkt. No. 6) is DENIED as moot. The Clerk is DIRECTED to close this case and to send Plaintiff a copy of this order.

//

DATED this 2nd day of January 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1607-JCC
PAGE - 5